## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CORLIVEETHO MCMILLIAN,** | : | **CIVIL ACTION NO. 1:11-CV-2223** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN JEROME WALSH**, *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

AND NOW, this 24th day of February, 2014, upon consideration of the court's order (Doc. 153) adopting the report and recommendation of Chief Magistrate Judge Martin C. Carlson (Doc. 149), granting defendants' unopposed motion (Doc. 130) for summary judgment, and dismissing plaintiff's complaint (Doc. 1) for failure to prosecute pursuant to Federal Rule of Civil Procedure 41, <u>see</u> FED. R. CIV. P. 41(b), (permitting court to dismiss lawsuit if "the plaintiff fails to prosecute or to comply with these rules or a court order"), failure to oppose the motion, <u>see</u> LOCAL RULE OF COURT 7.6 ("Any party who fails [to timely file a brief in opposition to the movant's motion] shall be deemed not to oppose such motion."), and on the merits, and further upon consideration of the late-filed objections (Doc. 147) and the motion (Doc. 148) for appointment of counsel filed by plaintiff on today's date, and the court observing that nothing articulated in either document alters the court's conclusion that plaintiff's claim is barred by the doctrine of

qualified immunity and subject to dismissal,[1] and the court thus concluding that the late-filed objections (Doc. 158) are meritless and affirming its order (Doc. 153) of January 28, 2014, it is hereby ORDERED that:

1.   Plaintiff's objections (Doc. 158) to the report and recommendation are overruled.

2.   Plaintiff's motion (Doc. 158) for appointment of counsel is DENIED as moot.

3.   This case remains CLOSED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] The court notes that the *pro se* plaintiff has also filed several exhibits in support of his request that the court set aside its earlier judgment. These exhibits include copies of correspondence to the court; various docket entries and a copy of the docket sheet from this litigation; a copy of the Pennsylvania Department of Corrections' Inmate Grievance System Policy; and a handful of grievances and letters authored by plaintiff to various prison officials informally raising concerns regarding prison staff. (Docs. 159-1 to 159-3). None of these documents alter the court's resolution of plaintiff's claim based on Federal Rule of Civil Procedure 41(b), Local Rule 7.6, and the doctrine of qualified immunity. (See Docs. 149, 153).